Case 2:18-cv-00059 Document 8 Filed on 03/23/18 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
March 23, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEAMUS TROY CASTERLINE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-59 |
| | § | |
| DAVID GUTIERREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS CASE

Plaintiff Deamus Troy Casterline is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff is serving a life sentence for a capital murder conviction out of Aransas County, Texas. Plaintiff committed the offense in 1984 and was sentenced on June 14, 1985.

In this civil rights action, Plaintiff sues the following defendants: (1) David Gutierrez, Presiding Officer of the Texas Board of Pardons and Paroles (Board); (2) Fred Solis, Board Member; (3) James LaFavers, Board Member; (4) Federico Rangel, Board Member; (5) Ed Robertson, Board Member; (6) Brian Long, Board Member; (7) Cynthia Tauss, Board Member; and (8) Lorie Davis, TDCJ-CID Director. Because he committed his crime in 1984, Plaintiff asserts he is eligible "for the pre-1987 Mandatory Supervision parole program." (D.E. 1-1, p. 1). Plaintiff claims that his due process rights were violated at his last parole review hearing held on November 1, 2017, based on the Board's failure to adhere to the pre-1987 mandatory supervision's regulatory and statutory scheme. (D.E. 1-1, p. 14-15). He further claims that such failure "to adhere to the pre-1987 Initial Eligibility Date Rule's substantive formula create[d] a significant risk

of increasing Plaintiff's punishment in violation of the Ex Post Facto Clause." (D.E. 1-1, p. 15).

Plaintiff seeks relief "that will render invalid application of the post-1987 substantive statutory and regulatory procedures used to deny eligibility for the pre-1987 mandatory supervision program." (D.E. 1-1, p. 2). He further seeks prospective injunctive relief "for future parole hearing to enforce the pre-1987 substantive eligibility procedures." (D.E. 1-1, p. 2). He specifically denies challenging the fact or duration of his sentence and does not seek an order for immediate or speedier release. (D.E. 1-1, p. 2).[2]

A *Spears*[3] hearing was conducted on March 14, 2018. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff first arrived in TDCJ custody in the summer of 1985. He arrived at the McConnell Unit in March 2010 and has been incarcerated at that unit since his arrival.

After Plaintiff became eligible for parole consideration, he first appeared before the Board for parole review in 2005. He has appeared before the Board for parole review on four more occasions with the last occurring on November 1, 2017. Plaintiff has been denied parole on each occasion. As the basis for denying Plaintiff parole at his

---

[2] Nevertheless, as part of his due process claim, Plaintiff argues that his disqualification from consideration for the pre-1997 mandatory supervision parole program "will inevitably affect the duration of his sentence." (D.E. 1-1, p. 14).

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

November 1, 2017 hearing, the Board cited the nature of Plaintiff's underlying crime and other general reasons.

Plaintiff reiterated at the *Spears* hearing that the pre-1987 mandatory supervision scheme should be applied to him because his offense was committed before the law changed in 1987 to provide that individuals convicted of capital offenses were ineligible for mandatory supervised release. Plaintiff stated that the pre-1987 mandatory supervised release program contained an "Initial Eligibility Date Rule," which the Board had failed to apply in its parole review hearings.

Because the law was changed after he was convicted, Plaintiff claims his punishment has effectively been increased in violation of the Ex Post Facto Clause. Plaintiff claims that the Board violated his due process rights by effectively suspending the pre-1987 mandatory supervision scheme and not properly applying the rules under that scheme in Plaintiff's parole hearing. According to Plaintiff, his due process and *ex post facto* claims renew each time the Board fails to apply the pre-1987 mandatory supervision scheme at his parole review hearings.

Plaintiff further testified that no mandatory release date has been calculated for his sentence. He reiterated his request to be considered eligible for the mandatory supervision program under the pre-1987 scheme and expressly does not seek immediate or speedier release. While his parole reviews had been scheduled every three years, Plaintiff's next parole review is scheduled for 2027.

### III.     LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV. DISCUSSION

At the time Plaintiff committed his capital murder offense in 1984, the Texas statute governing eligibility for release to mandatory supervision provided that an inmate not sentenced under death "shall be released to mandatory supervision" when the "calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." Tex. Crim. Code Ann. Art. 42-12, § 8(c) (1981). The statute was silent regarding inmates with life sentences. Effective September 1, 1987, the

statute was amended to prohibit consideration for release to mandatory supervision any persons convicted of capital murder. Tex. Crim. Code Ann. Art. 42-12, § 8(c) (1985).

In 2001, the Texas Court of Criminal Appeals held that that the 1981 version of the Texas mandatory supervision statute did not permit a life-sentenced inmate to be eligible for release to mandatory supervision. *Ex Parte Franks*, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001). The TCCA reviewed the plain language of the mandatory supervision statute and explained that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id.* at 328). In 2002, the Fifth Circuit Court of Appeals likewise held that a life-sentenced inmate was not eligible for release to mandatory supervision under the 1977 version of the Texas mandatory supervision statute, which was substantively identical to the 1981 version. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002).

In 2009, Plaintiff filed a federal habeas petition in this Court, claiming that he was eligible for release to mandatory supervision. *Casterline v. Thaler*, No. C-09-CV-164 (S.D. Tex.) (D.E. 1). In denying Plaintiff's petition and dismissing his case, Senior United States District Judge Hayden Head rejected Plaintiff's eligibility claim based on the holdings in *Franks* and *Arnold*. *Casterline v. Thaler*, No. C-09-CV-164, 2011 WL 1212257, at *1 (S.D. Tex. Mar. 28, 2011). Judge Head also rejected Plaintiff's *ex post facto* claim that the Board had denied him parole based on various legislative and policy changes which were not in effect at the time Plaintiff committed his offenses. *Id.* at *1-2.

On October 22, 2012, the Fifth Circuit Court of Appeals affirmed the district court's dismissal. *Casterline v. Thaler*, 494 F. App'x 500 (5th Cir. Oct. 22, 2012). The Fifth Circuit considered Plaintiff's due process claim premised on a failure to warn of the offense's punishment at the time it was committed. The Fifth Circuit concluded that there was "no clearly established federal law, as determined by the Supreme Court, stating that a retroactive interpretation effecting a change in sentencing, parole, probation, or mandatory supervised release law that disadvantages a prisoner gives rise to a Due Process violation." *Id.* at 502. The Fifth Circuit next rejected Plaintiff's *ex post facto* claim, finding no evidence that the new parole policies had resulted in an increased risk of confinement for Plaintiff. *Id.* at 503.

In a second habeas corpus petition filed in this Court in 2013, Plaintiff challenged his 2011 parole review. *Casterline v. Thaler*, No. 2:13-CV-083 (S.D. Tex.) (D.E. 1). Plaintiff claimed due process and *ex post facto* violations. On April 3, 2013, this Court denied habeas relief and dismissed Plaintiff's action for the same reasons articulated by the Fifth Circuit in Plaintiff's previous habeas corpus action. *See Casterline v. Thaler*, No. 2:13-CV-083, 2013 WL 1403491, at *4-5 (S.D. Tex. April 5, 2013). The Fifth Circuit subsequently denied Plaintiff a certificate of appealability. *Casterline v. Stephens*, No. 13-40566 (5th Cir. 2013).

In 2014, Plaintiff filed a civil rights action in the Western District of Texas. *Casterline v. Owens*, No. A-14-CA-467 (W.D. Tex.). Therein, Plaintiff asserted substantially the same due process and *ex post facto* claims raised in the previous habeas corpus actions. United States Magistrate Judge Andrew W. Austin issued a Report and

Recommendation (R&R) to dismiss Plaintiff's complaint with prejudice as frivolous. *Casterline v. Owens*, No. A-14-CA-467, 2014 WL 2565678, at *3-4 (W.D. Tex. Jun. 6, 2014). Judge Austin concluded that "Plaintiff's assertions concerning his eligibility for mandatory supervision ... are foreclosed by the Fifth Circuit's decision in *Arnold* and the Fifth Circuit's decisions in Plaintiff's previously filed habeas corpus cases." *Id.* at *3. Judge Austin further found no evidence that Plaintiff had ever been denied release to mandatory supervision based on the retroactive application of the 1987 version of the mandatory supervision law. *Id.*

Upon review of Plaintiff's objections to the R&R, United States District Judge Sam Sparks also found Plaintiff's claims to be frivolous but for a different reason. Because Plaintiff made clear in his objections he sought immediate release on mandatory supervision, Judge Sparks determined that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Casterline v. Owens*, No. A-14-CA-467, 2014 WL 4385914, *2-3 (W.D. Tex. Aug. 29, 2014). Accordingly, Judge Sparks accepted the R&R as modified and dismissed Plaintiff's claims without prejudice to refiling once the conditions of *Heck* had been satisfied. *Id.* at *3.

In this case, Plaintiff asserts that his claims are materially different from the claims brought by him in his prior habeas corpus and civil rights actions. He contends that his current claims challenging the Board's failure to adhere to the pre-1987 mandatory supervision's regulatory and statutory scheme have never been presented to any court. Nevertheless, despite Plaintiff's characterization of his claims as seeking adherence by the Board to the pre-1987 mandatory supervision program, they are fundamentally the

same as his prior claims directly challenging his ineligibility for release to mandatory supervision.

Because Plaintiff's claims in this case are substantially similar to claims previously raised, his due process claims are foreclosed by *Arnold*, *Franks*, and the holdings by both the district courts and Fifth Circuit in his prior actions. These decisions recognize that life-sentenced inmates like Plaintiff, who committed their crimes before 1987, are ineligible for release to mandatory supervision. *See Franks*, 71 S.W. 3d at 327-28; *Casterline*, 2011 WL 1212257, at *1. In connection with Plaintiff's appeal in his first habeas action, the Fifth Circuit further determined that *Frank's* retroactive judicial determination did not violate the fair warning principle implicit in due process. *Casterline*, 490 F. App'x at 502. Moreover, Plaintiff cannot state a due process claim to the extent he complains about the Board's most recent decision on November 1, 2017 to deny him parole because he has no liberty interest in obtaining parole. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Likewise, Plaintiff's *ex post facto* claims are foreclosed by the holdings in his prior cases. The Fifth Circuit has rejected Plaintiff's substantially-similar *ex post facto* claim raised in his first habeas action, finding no evidence that the new parole policies resulted in an increased risk of confinement for Plaintiff. *Casterline*, 490 F. App'x at 503. In following the Fifth Circuit's decision, this Court recognized in Plaintiff's second habeas action that "the change in the Board's policy regarding mandatory supervision for life-sentences created only a speculative risk of increasing [Plaintiff's] punishment

because there was no guarantee that he would have been released any earlier." *Casterline*, 2013 WL 1403491, at *5.

## V. CONCLUSION

Because Plaintiff's claims regarding the Board's failure to adhere to the pre-1987 mandatory supervision program are without merit for the reasons explained above, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 23rd day of March, 2018.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).