UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEAMUS TROY CASTERLINE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-59 |
| | § | |
| DAVID GUTIERREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Deamus Troy Casterline is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action, Plaintiff asserts due process and *ex post facto* violations due to the purported failure of the Texas Board of Pardons and Paroles (Board) to adhere to the pre-1987 mandatory supervision's regulatory and statutory scheme. Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. (D.E. 18).

**I.  BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff is serving a life sentence for a capital murder conviction out of Aransas County, Texas. Plaintiff committed the offense in 1984 and was sentenced on June 14, 1985.

1 / 6

Plaintiff sued several members of the Board in this action, including its presiding officer, David Gutierrez. Because he had committed his crime in 1984, Plaintiff asserted that he was eligible "for the pre-1987 Mandatory Supervision parole program." (D.E. 1-1, p. 1). Plaintiff claimed that his due process rights were violated at his last parole review hearing held on November 1, 2017, based on the Board's failure to adhere to the pre-1987 mandatory supervision's regulatory and statutory scheme. (D.E. 1-1, p. 14-15). He further claimed that such failure "to adhere to the pre-1987 Initial Eligibility Date Rule's substantive formula create[d] a significant risk of increasing Plaintiff's punishment in violation of the Ex Post Facto Clause." (D.E. 1-1, p. 15).

Plaintiff sought relief to "render invalid application of the post-1987 substantive statutory and regulatory procedures used to deny eligibility for the pre-1987 mandatory supervision program." (D.E. 1-1, p. 2). He further sought prospective injunctive relief "for <u>future</u> parole hearing to enforce the pre-1987 substantive eligibility procedures." (D.E. 1-1, p. 2) (emphasis in original). Plaintiff specifically denied challenging the fact or duration of his sentence or otherwise seeking an order for immediate or speedier release. (D.E. 1-1, p. 2).

A *Spears*[1] hearing was conducted on March 14, 2018. On March 23, 2018, the undersigned issued a Memorandum and Recommendation (M&R), recommending that: (1) Plaintiff's complaint be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) the dismissal

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g). (D.E. 8). On May 1, 2018, after considering Plaintiff's objections, District Judge Hilda G. Tagle adopted the M&R, dismissed Plaintiff's complaint with prejudice, and directed the dismissal to count as a strike. (D.E. 15). That same day, Judge Tagle entered a final judgment against Plaintiff. (D.E. 16).

## II. PLAINTIFF'S MOTION TO AMEND

On April 30, 2018, Plaintiff signed and executed his Motion for Leave to File First Amended Complaint. (D.E. 18). Plaintiff attached his proposed first amended complaint to his motion. (D.E. 18, pp. 7-24). Therein, Plaintiff attempts to clarify and expand upon his claims challenging the pre-1987 mandatory supervision regulatory scheme. (D.E. 18, pp. 1-2). Specifically, Plaintiff seeks to: (1) raise more particularized allegations regarding his due process and *ex post facto* claims; (2) offer a rebuttal to the findings and conclusions set forth in the M&R; (3) request class certification; (4) raise a new claim based on a violation of the Double Jeopardy Clause; (5) dismiss all Defendants except for Mr. Gutierrez, the Board's presiding officer; and (6) limit his request for injunctive relief to seeking a hearing for the purpose of calculating either his initial parole eligibility date or, in the alternative, future parole hearing dates.

## III. DISCUSSION

The Fifth Circuit Court of Appeals has held that a plaintiff generally should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) ("[A] *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."). Plaintiff signed and

executed his motion to amend on April 30, 2018. (D.E. 18, p. 3). The undersigned assumes that he delivered same to prison authorities for mailing on April 30, 2018, one day before the Court dismissed this case and entered final judgment against him. Accordingly, the undersigned will consider whether his amendments should be allowed pursuant to Federal Rule of Civil Procedure 15(a).[2]

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). A federal court has discretion to deny a motion to amend when that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). "An amendment is futile if it would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Plaintiff's motion to amend should be denied because his proposed amendments would be futile for failing to state a claim for relief.

As set forth in the M&R, which was later adopted by the District Judge, Plaintiff's due process and *ex post facto* claims were foreclosed by: (1) previous decisions in *Ex Parte Franks*, 71 S.W.3d 327 (Tex.Crim.App. 2001) and *Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002); and (2) the holdings by both the district courts and Fifth Circuit in prior actions filed by Plaintiff in which he challenged his ineligibility for release to

---

[2] In contrast, "[w]hen a district court dismisses an action and enters a final judgment, … a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under [Federal Rules of Civil Procedure] 59 or 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

mandatory supervision. Plaintiff seeks to repackage his due process and *ex post facto* claims in his proposed first amended complaint. However, Plaintiff continues to characterize his claims as ultimately seeking adherence by the Board to the pre-1987 mandatory supervision program. Such claims remain fundamentally the same as his prior claims challenging his ineligibility for release to mandatory supervision. Accordingly, Plaintiff's due process and *ex post facto* claims, as set forth in his proposed first amended complaint, are foreclosed by the holdings in his prior cases.

Plaintiff seeks to add a double jeopardy claim in his proposed first amended complaint. (D.E. 18, pp. 9, 21). The Double Jeopardy Clause protects against: (1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Berry*, 977 F.2d 915, 918 (5th Cir. 1992). Plaintiff received one punishment for his capital murder offense, and he was ineligible for mandatory supervised release at the time he committed that offense in 1984. *See Arnold*, 306 F.3d at 279; *Wade v. Quarterman*, No. H-08-2071, 2009 WL 2591246, at *4 (S.D. Tex. Aug. 19, 2009). The fact that Plaintiff is ineligible for release to mandatory supervision based on his status as an inmate sentenced to life imprisonment neither implicates nor violates the Double Jeopardy Clause. *See Wade*, 2009 WL 2591246, at *4.

Plaintiff further asks the Court to grant class certification to allow him to join with other similarly-situated inmates, whose parole hearings purportedly failed to adhere to the pre-1987 mandatory supervision parole program. (D.E. 18, pp. 17-18). Requests for class certification by a prisoner acting *pro se* are generally denied because the prisoner

cannot "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4) (one of the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class"); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding *pro se* because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees"). Thus, in addition to failing to state a claim for relief on his own behalf in his proposed amended complaint, he fails to show that he can properly serve as a representative party in a class action.

## IV. CONCLUSION

Because Plaintiff's proposed amendments would be futile for failure to state a claim for relief, Plaintiff's Motion for Leave to File First Amended Complaint (D.E. 18) is **DENIED**.

ORDERED this 14th day of May, 2018.

_____
Jason B. Libby
United States Magistrate Judge