Case 2:18-cv-00059 Document 23 Filed on 06/12/18 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 13, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DEAMUS TROY CASTERLINE, § § Plaintiff, § VS. § DAVID GUTIERREZ, *et al*, § § Defendants. § | CIVIL ACTION NO. 2:18-CV-59 |

### MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO ALTER AND AMEND FINAL JUDGMENT

Plaintiff Deamus Troy Casterline is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action, Plaintiff asserts due process and *ex post facto* violations due to the purported failure of the Texas Board of Pardons and Paroles (Parole Board) to adhere to the pre-1987 mandatory supervision's regulatory and statutory scheme. Pending before the Court is Plaintiff's Motion to Alter or Amend Final Judgment. (D.E. 21).

**I.  BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff is serving a life sentence for a capital murder conviction out of Aransas County, Texas. Plaintiff committed the offense in 1984 and was sentenced on June 14, 1985.

Plaintiff sued several members of the Parole Board in this action, including its presiding officer, David Gutierrez. Because Plaintiff committed his crime in 1984, Plaintiff asserted that he was eligible "for the pre-1987 Mandatory Supervision parole program." (D.E. 1-1, p. 1). Plaintiff claimed that his due process rights were violated at his last parole review hearing held on November 1, 2017, based on the Parole Board's failure to adhere to the pre-1987 mandatory supervision's regulatory and statutory scheme. (D.E. 1-1, p. 14-15). He further claimed that such failure "to adhere to the pre-1987 Initial Eligibility Date Rule's substantive formula create[d] a significant risk of increasing Plaintiff's punishment in violation of the Ex Post Facto Clause." (D.E. 1-1, p. 15).

Plaintiff sought relief to "render invalid application of the post-1987 substantive statutory and regulatory procedures used to deny eligibility for the pre-1987 mandatory supervision program." (D.E. 1-1, p. 2). He further sought prospective injunctive relief "for <u>future</u> parole hearing to enforce the pre-1987 substantive eligibility procedures." (D.E. 1-1, p. 2) (emphasis in original). Plaintiff specifically denied challenging the fact or duration of his sentence or otherwise seeking an order for immediate or speedier release. (D.E. 1-1, p. 2).

A *Spears*[1] hearing was conducted on March 14, 2018. On March 23, 2018, the undersigned issued a Memorandum and Recommendation (M&R), recommending that: (1) Plaintiff's complaint be dismissed with prejudice for failure to state a claim and/or as

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

frivolous; and (2) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).  (D.E. 8).  On May 1, 2018, after considering Plaintiff's objections, Senior United States District Judge Hilda G. Tagle adopted the M&R, dismissed Plaintiff's complaint with prejudice, and directed the dismissal to count as a strike.  (D.E. 15).  That same day, Judge Tagle entered final judgment against Plaintiff.  (D.E. 16).

On April 30, 2018, Plaintiff filed a Motion for Leave to File First Amended Complaint.  (D.E. 18).  Plaintiff attached his proposed first amended complaint to his motion.  (D.E. 18, pp. 7-24).  Therein, Plaintiff attempted to clarify and expand upon his claims challenging the pre-1987 mandatory supervision regulatory scheme.  (D.E. 18, pp. 1-2).  Because Plaintiff's proposed amendments were determined to be futile for failure to state a claim for relief, the undersigned entered an Order on May 14, 2018 denying Plaintiff's motion to amend.  (D.E. 20).  Plaintiff has filed objections from this order. (D.E. 22).

## II.   DISCUSSION

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b).  *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).  On May 25, 2018, Plaintiff signed and executed his motion to alter or amend the final judgment.  (D.E. 21, p. 12).  He included a certificate indicating his motion was delivered to prison authorities for mailing on May 25, 2018.  (D.E. 21, p. 12).  Because Plaintiff filed his motion within twenty-eight (28)

days of the entry date of the final judgment, the undersigned will construe his motion as one arising under Rule 59(e).

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. Importantly, a Rule 59(e) motion is not properly used to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the Court. *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield*, 2010 WL 2245075 at * 1 (S.D. Tex. Jun. 2, 2010) (unpublished). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

In support of his Rule 59(e) motion, Plaintiff continues to argue due process and *ex post facto* violations due to the purported failure of Parole Board to adhere to the pre-1987 mandatory supervision's regulatory and statutory scheme. (D.E. 21). However, as set forth in both the M&R, which was later adopted by the District Judge, and summarized in the undersigned's May 14 Order, Plaintiff's due process and *ex post facto* claims were foreclosed by: (1) previous decisions in *Ex Parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001) and *Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002); and (2) the

holdings by both the district courts and Fifth Circuit in prior actions filed by Plaintiff in which he challenged his ineligibility for release to mandatory supervision.

Plaintiff's Rule 59(e) motion is an improper vehicle for Plaintiff to rehash failed arguments. *See Templet,* 367 F.3d 473, 478-79; *Blue Cross Blue Shield,* 2010 WL 2245075 at *1. Plaintiff's arguments otherwise fail to demonstrate a manifest error of law or fact, and he presents nothing to alter the Court's decision to grant final judgment against him. Because Plaintiff is not entitled to any relief, his Rule 59(e) motion should be denied.

### III. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Rule 59(e) Motion to Alter and Amend Final Judgment (D.E. 21) be **DENIED**.

Respectfully submitted this 12th day of June, 2018.

*/s/ Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).